UNITED STATES of America,
Plaintiff–Appellee,

v.

Adalberto RIVERA, Defendant,

Martin Pedro, also known as Allen Black, also known as Martin Jansen, also known as Raven Johnson, Defendant–Appellant.

Docket No. 04–2999–CR.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2005.

David M. Rody, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York), New York, NY, for Plaintiff–Appellee, of counsel.

Gregory E. Cooper, New York, NY, for Defendants–Appellant.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Defendant raises two claims on appeal. He argues that the district court's protective order prohibiting him from retaining Jencks Act material at his detention facility prejudiced him and violated his due process and Sixth Amendment rights to effective assistance of counsel; he also asserts that the admission of portions of coconspirators' plea allocutions constituted

plain error because the plea allocutions tended to establish venue. We reject these arguments.

█ Even if we assume Jencks Act error, any error was harmless. Under 18 U.S.C. § 3500(b), "[A]fter a witness called by the United States has testified on direct exam[ ], the court shall ... order the United States to produce any statement ... of the witness.... If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." 18 U.S.C. § 3500(b). Harmless error analysis applies to review of denial of Jencks Act material. *See, e.g., United States v. Jackson,* 345 F.3d 59, 77–78 (2d Cir.2003). "While the harmless error doctrine must be applied 'strictly' in Jencks Act cases, *Goldberg v. United States,* 425 U.S. 94, 111 n. 21, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976), failure to disclose the withheld material must be deemed harmless where there is no 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.'" *United States v. Nicolapolous,* 30 F.3d 381, 383 (2d Cir.1994) (quoting *United States v. Petrillo,* 821 F.2d 85, 89 (2d Cir.1987) (other citations omitted)).

In *Nicolapolous,* the district court had restricted defendants' access to a document assumed to be Jencks Act material. *See id.* (2d Cir.1994). Without determining whether the document at issue—a notebook containing names related to a racketeering enterprise—was a "statement" within the meaning of the Act, this Court found that "any loss of a more complete opportunity to impeach" a key government

---

1. The Honorable Jed S. Rakoff, United States District Court, Southern District of New York, sitting by designation.

witness with the defendants' assistance was harmless because there was no reasonable probability that disclosure of the evidence would have led to a different result in the proceeding. *See id.* at 383–84.

Here, the evidence compels us to find no reasonably probable effect on the outcome of the proceeding as a result of the protective order. The evidence of defendant's guilt was compelling. At trial, a founding member of the conspiracy, Molina, provided extensive, damaging testimony about every aspect of the conspiracy that was corroborated by defendant's own post-arrest statements and physical evidence, including defendant's fingerprints found at the scene of one bank robbery. Unlike in *Nicolapolous*, defendant was not denied all access to the relevant material—he was allowed to review the Jencks Act material with his lawyer but not allowed to take the material back to his detention facility.

■ There is no merit to defendant's Sixth Amendment claim. Defendant asserts that he was denied the ability to assist defense counsel in counsel's preparation of a defense. The record belies that assertion. In issuing his protective order, Judge Stein allowed and encouraged defendant to review and discuss the material with counsel. Indeed, to remedy any prejudice defendant might suffer, the district court ordered that defendant be available for his lawyer one hour before trial and made clear that if counsel or defendant needed more time to review the material in preparation for cross examination, they should inform the court. Given these facts, defendant's right to assist in his own defense was not impaired.

The government endangers the effective assistance of counsel mandated by the Constitution "when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." *Strickland v. Washing-*

*ton,* 466 U.S. 668, 685–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (collecting cases). Unlike the fundamental-assistance cases, where courts denied defendants access to some procedure or consultation with counsel, defendant was given ample opportunity to review the Jencks Act material and to consult his lawyer regarding that material. *Cf. Geders v. United States,* 425 U.S. 80, 91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (finding violation of Sixth Amendment right to assistance where court ordered testifying defendant-witness not to consult his attorney for seventeen-hour period between court sessions even absent claim of prejudice).

■ Finally, we summarily reject defendant's Confrontation Clause claim. While the introduction of several paragraphs of co-conspirator's plea allocutions at trial violated *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), any prejudice did not rise to the level of plain error. Here, defendant challenges the introduction of portions of the allocutions because they tended to support venue in the Southern District of New York. Because the Confrontation Clause error was not raised below, we review for plain error. "[R]eversal for plain error is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Dukagjini,* 326 F.3d 45, 61 (2d Cir.2003) (internal quotation marks and citations omitted). Here, there would be no miscarriage of justice, as both physical evidence and defendant's own statements indicated that venue was appropriate in the Southern District of New York.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**